NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MISAEL OMAR SANCHEZ-VASQUEZ, | No. 24-2749 |
| Petitioner, | Agency No. A205-054-751 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025[**]
San Francisco, California

Before: OWENS and BUMATAY, Circuit Judges, and LIBURDI, District Judge.[***]

Misael Omar Sanchez-Vasquez petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

denial of his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. We deny the petition in part and dismiss it in part.

We review the BIA's factual findings for substantial evidence. *Lapadat v. Bondi*, 145 F.4th 942, 950–51 (9th Cir. 2025). The BIA's factual findings are thus "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B). We may not review a final order of removal unless the petitioner exhausts all his administrative remedies. 8 U.S.C. § 1252(d)(1); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). And we do not have jurisdiction to hear a challenge to an IJ's denial of voluntary departure unless the petitioner raises a constitutional question or a question of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D).

1. Substantial evidence supports the BIA's denial of withholding of removal and protection under CAT. Sanchez-Vasquez alleges that he will be subject to persecution if returned to Mexico because he testified against the coyotes who smuggled him across the border and because Mexico is "very violent." But Sanchez-Vasquez merely identified the coyotes in photographs outside their presence. Sanchez-Vasquez has not offered any evidence that the coyotes know he identified them. And generalized claims that an area is "very violent," is not evidence of targeted persecution. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021)

(explaining that "generalized violence" is not evidence that an applicant was "individually targeted" for withholding of removal purposes).

Sanchez-Vasquez's failure to allege a particularized threat of persecution also undermines his CAT protection claim. After all, "torture is more severe than persecution[,] and the standard of proof for the CAT claim is higher than the standard of proof for [a withholding of removal] claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Substantial evidence thus supports the BIA's denial of withholding of removal and CAT protection.

2. Sanchez-Vasquez's remaining claims are not properly before this Court. He argues that ineffective assistance of counsel should have equitably tolled the deadline for a motion to reopen. But he never sought equitable tolling before the BIA, so he failed to exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1). He also now argues that the IJ erred in dismissing his asylum application as untimely. But he failed to raise that issue before the BIA, and it is now waived. Finally, he challenges the IJ's denial of voluntary departure. But he merely challenges how the IJ weighed the evidence and does not raise a constitutional issue or an issue of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D). We cannot hear these claims.

**PETITION DENIED IN PART AND DISMISSED IN PART.**